UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00234-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN ZINNEL and DERIAN EIDSON, | |
| Defendants. | |

This is a bankruptcy fraud case stemming from Defendants' alleged efforts to conceal assets during the course of Zinnel's bankruptcy proceedings. A Chapter 7 petition was filed on July 20, 2005. That same day, Stephen M. Reynolds was selected from the statutory "panel of private trustees" (as identified by the United States Trustee) to serve as the Chapter 7 trustee on the debtor's behalf. See 28 U.S.C. § 586(2)(1). Reynolds ultimately obtained a discharge on Zinnel's behalf on September 6, 2006, and did not make a criminal referral to any agency while serving as trustee. Reynolds subsequently resigned from the panel of Chaper 7 trustees for the Eastern District in June of 2007.

1

The instant charges against Defendants were not filed until an indictment was issued on June 8, 2011, some four years later. Presently before the Court is the government's request for reconsideration of the assigned Magistrate Judge's Order holding the government accountable to produce Rule 16, Brady and Giglio materials on behalf of Mr. Reynolds. Oral argument was heard as to that request on December 15, 2011; Matthew Segal appeared on behalf of the government, Thomas Johnson represented Defendant Zinnel, and James Mayo of the law firm of Segal and Kirby made an appearance on behalf of Defendant Eidson.

In reviewing the Magistrate Judge's Order in this discovery matter, "the standard that the Assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Eastern District Local Rule 303(f). Having reviewed the papers submitted, and after entertaining oral argument, the Court finds the Magistrate Judge's conclusion, with respect to Reynolds' status, and the government's resulting discovery obligation given that status, to be in error.[1]

///
///
///
///
///

---

[1] The Court notes that the Zinnel bankruptcy case was reopened in June 17, 2011, after the instant indictment was issued. Susan Smith was appointed as the new Chapter 7 trustee as to that proceeding, but there is no claim on behalf of the defense that the government has any disclosure obligations with respect to Ms. Smith.

2

It is undisputed that the United States Trustee is part of the prosecution team for discovery purposes. See Opp'n, 7:23-25. The Magistrate Judge reasoned that because the United States Trustee has certain powers over a private trustee like Reynolds, including the ability to require that information be produced, the government team necessarily has constructive access to all information available to the private trustee along with a discovery obligation to seek that information and provide it to the defense. See Order, ECF No. 58, 4:8-19.

This Court finds that reasoning erroneous. The government can reasonably be held responsible for producing information for purposes of Rule 16 and Brady/Giglio only to the extent that information is deemed accessible to the prosecution. Access is deemed present only with respect to materials actually in the possession of the federal government. United States v. Fort, 472 F.3d 1106, 1118 (9th Cir. 2007). Physical possession is the dispositive factor. Id. The government has no duty to produce information beyond what it actually has. See United States v. Hsieh Hui Mei Chan, 754 F.2d 817, 824 (9th Cir. 1985) (government "has no duty to volunteer information that it does not possess or of which it is unaware"); see also United States v. Graham, 484 F.3d 413, 416 (6th Cir. 2007) (rejecting argument that the government exercised effective control over items in possession of cooperating witness).

///
///
///
///

1 Here, it is clear that Reynolds was a private panel trustee. He made no criminal referral, and according to his declaration had no contact with the government with respect to Defendants' prosecution until he was asked to provide his file and met with the United States Attorney's Office to review documents in November of 2011. See Reynolds Decl., ¶¶ 4, 5.

Although the Magistrate Judge's ruling hinges on the United States Trustee's supervisorial powers over a private trustee like Reynolds, in fact such trustees have numerous independent powers. See Request for Recons., 8:25-9:2. Moreover, where prior approval is required in order to take certain actions, it is the bankruptcy court itself rather than the United States trustee that must approve such action. Id. at 9:7-15. Additionally, once assigned, a panel trustee can be removed only by order of the bankruptcy court after notice and a hearing. In re AFI Holding, Inc., 530 F.3d 832, 845 (9th Cir. 2008). Significantly, private trustees have been deemed to be neither employees or agents of the United States Trustee or the federal government. See, e.g., Allnutt v. United States Dep't of Justice, 99 F. Supp. 2d 673, 678 (D. Md. 2000).

In the end, as the U.S. Attorney's Office represented in its papers and confirmed at oral argument, it has obtained what it believes to be Reynolds' entire file and has disclosed that file to the defense through discovery.

///
///
///
///

That does not mean, however, that the government has an additional, affirmative obligation to go beyond Reynolds' own representation (as set forth in his declaration) that everything discoverable has been submitted, and to perform additional obligation to ensure that any and all pertinent information has been provided.  Contrary to the Magistrate Judge's ruling, a private trustee is simply not a governmental agent, or member of the prosecution team, so as to create any further duty in that regard.

The government's Request for Reconsideration (ECF No. 59) is accordingly GRANTED as set forth above.  With respect to the defense's additional request that certain signed tax returns be provided, the government represented at the time of the December 15, 2011 that those materials would in fact be provided. Consequently, that request is also GRANTED.

IT IS SO ORDERED.

Dated: December 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE