UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN K. ZINNEL & DERIAN EIDSON,<br><br>　　　　　Defendants. | No. 2:11-cr-0234 TLN<br><br>**ORDER** |

The court heard oral argument on the parties' motions in limine on June 21, 2013. This order summarizes the court's rulings on those motions.[1]

**I.　Defendant Eidson's Motions in Limine**

Defendant Eidson has filed three motions in limine. Those motions include: (1) Defendant Eidson's motion to exclude any and all evidence relating to the Rutter Group Practice Guide for Bankruptcy found in Steven Zinell's home; (2) motion to exclude email from Zinnel to his ex-wife, Michelle Zinnel; and (3) motion to exclude Eidson from testifying as custodian of records as to Done Deal Inc.

---

[1] The court notes that the government has filed two motions in limine that neither defendant has responded to. Therefore, those motions will not be addressed in this order. The court will issue a ruling on these motions when defendants file a proper response.

1

### 1. The Rutter Group Practice Guide

The court denied Defendant Eidson's motion to exclude the treatise. The court will give a limiting instruction that the treatise is admissible only as it relates to defendant Zinnel.

### 2. June 15, 2013, Email from Defendant Zinell to Michelle Zinnel

The court deferred ruling in this motion until the time of trial.

### 3. Custodian of Records

The court granted Defendant Eidson's third motion in limine,.

## II. Zinnel's Motions in Limine

Defendant Zinnel filed ten motions in limine. The court addresses each below.

### 1. Motion to Exclude Evidence of Zinell's Previous Civil Cases

The court denied this motion.

### 2. Motion to Exclude Statements of Defendant Eidson

The court denied the motion to the extent any statement is offered in furtherance of the alleged conspiracy.

### 3. Motion to Preclude Statements of Steven Zinnel and, in the alternative, to sever.

The court denied the motion to exclude statements of Defendant Zinnel. The court also denied Defendant Zinell's motion to sever on the same grounds Judge England, prior to reassignment to the undersigned, denied the same motion on May 24, 2012. (See ECF 133 at 15:21-16:10.) That is, the court declines to exercise its discretion to sever this matter under Federal Rule of Criminal Procedure 14(a) because Defendant has not shown "that [a] joint trial [would be] so prejudicial as to requite the exercise of the district judge's discretion in one way: by ordering a separate trial." United States v. Mariscal, 939 F.2d 884, 885 (9th Cir. 1991) (quoting United States v. Ford, 632 F.2d 1354, 1373 (9th Cir. 1980)).

### 4. Motion to Exclude Summary Witnesses

The court denied Defendant Zinnel's motion to exclude summary witnesses. The government stated that it would make the notes of its summary witness, Kim Bar, available by the end of the week.

///

5. Motion to Exclude Email from Defendant Zinell to his Former Wife

Defendant Zinnel objects to an email sent to his wife discussing his intent to file bankruptcy. The court denied Defendant Zinell's motion to exclude this evidence as to him.

6. Motion to Preclude use of the Word "sham" or "shell"

The court denied this motion.

7. Motion to Exclude Evidence or any Mention of Tax Returns

The court permitted the government and Defendant to provide supplemental briefing regarding whether or not the government may proffer such evidence at trial.

8. Motion to Exclude Evidence Obtained from Defendant Zinell's Computer

The government indicated at the hearing on Defendant Zinell's motion that it does not intend to offer anything from Zinell's computer. As such, the court denied the motion as moot.

9. Motion to Exclude any Evidence of the Bankruptcy Treatise

The court denied this motion.

10. Motion to Exclude Reference to Purported Co-Conspirator Statements

The court noted that it would be prepared to entertain any objection to statements made under the co-conspirator exception to the rule against hearsay at the time of trial. The court notes that should the government prove the existence of a conspiracy, such statements would be admissible under Federal Rule of Evidence 801(d)(2)(e).

**III. Peremptory Challenges**

At the hearing on the parties' motions in limine, counsel for Defendant Zinnel requested that the court exercise its discretion to grant six peremptory challenges for each defendant. The court took the request under submission. After considering the matter, the court finds that additional peremptory requests are unnecessary and the motion is therefore denied. The defense shall have ten peremptory challenges together.

**IV. Expert Witnesses**

Defendant filed a motion in limine opposing Defendant Eidson's proposed expert witness, Betsy Kimball. (ECF 182.) To date, neither defendant has responded to the motion. The government stated that it is likely to object to Defendant's proposed expert witness. The court, at

the hearing on the parties' motions in limine, noted that it would address this issue on the morning of Monday July 1, 2013.

DATED: June 25, 2013

Troy L. Nunley
United States District Judge