SUZANNE A. LUBAN, SBN 120629
Attorney At Law
3758 Grand Ave. #4
Oakland, California 94610
Telephone 510/832-3555

Attorney for Defendant
STEVEN K. ZINNEL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. S-11-234-TLN |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER |
| ) | RE: RESTITUTION |
| vs. ) | |
| ) | |
| STEVEN K. ZINNEL, et al., ) | |
| ) | Date: April 2, 2014 |
| Defendants. ) | |
| _____ ) | Judge: Hon. Troy L. Nunley |

The United States and defendant Steven Zinnel stipulate to the entry of criminal restitution as set forth below.  This stipulation is entered into in light of the Court's rulings at sentencing.  The parties agree that none of the agreements herein waive defendant Steven Zinnel's objections prior to and at sentencing to any of the guideline enhancements or sentencing determinations already imposed by the Court, and the United States will not argue that a plain error standard of review applies as a consequence of this stipulation.  This includes, but is not limited to, whether any of the persons listed below was a "victim" or suffered "loss" or the amount of the loss within the meaning of the Sentencing Guidelines.

Subject to the above proviso, defendant Steven Zinnel and the United States, by and through their attorneys, hereby stipulate and agree that the Court shall enter a restitution order as follows:

Steven Zinnel shall be ordered to pay the following restitution amounts to the persons listed

1

below in the amounts stated below:

    1.    <u>First Bank</u>: $156,663.27, which represents the remainder owed to First Bank on all of its deeds of trust and any debt arising from its payment on indemnity bonds guaranteed by Mr. Zinnel;

    2.    <u>Michelle Zinnel</u>: A total of $305,058.28, which comprises:

    (a) $12,705.43 in attorneys' fees arising from the order to indemnify Ms. Zinnel for attorneys fees actually incurred by Ms. Zinnel in *General Ins. Co. of America et al. v. Corporate Control Inc. et al.*, CV-02-1020-WBS;

    (b) $156,208.85 in child support for years 2005, 2006, 2007 and 2008;

    (c) $3,773.00 in child support through March 10, 2014;

    (d) $132,371, which represents attorneys' fees expended by Michelle Zinnel for family court representation from January 2000 through December 2005;

    The parties reiterate that this stipulation does not waive any objections to guideline calculations or findings, such as that Michelle Zinnel is a "victim" or that any amounts she claims constitute "loss" under the Guidelines.

    3.    <u>Zac Zinnel</u>:  $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court.

    4.    <u>Zayna Zinnel</u>: $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court.

    5.    <u>Fog Cutter Services</u>: $10,799.35;

    6.    <u>Wells Fargo Card Services</u>: $8,506.17;

    7.    <u>Travelers Casualty and Surety Co.</u>: The parties agree that restitution shall be ordered in the amount of $1,000.00, which represents Travelers' actual payment on a bond claim.  The parties agree that restitution of $285,000 shall be ordered for Travelers based on an Indemnity Agreement entered into by the relevant parties on July 15, 1996.

8. <u>Arrow Financial Services</u>: $141.50;

9. <u>MBNA America Bank</u>: $3,641.15;

10. <u>General Insurance Co. / First National Insurance Company of America / Safeco:</u>  A total of $1,442,509.28 to be distributed per the claims filed in bankruptcy court, which comprises:

(a) $1,192,509.28, which represents the judgment amount stated in the Order filed on June 23, 2004 as Docket No. 247 and the Judgment filed on October 26, 2004 as Docket No. 366 in *General Ins. Co. of America et al. v. Corporate Control Inc. et al.*, CV-02-1020-WBS;

(b) $250,000.00, which represents the collateral security amount that was ordered to cover future bond payments in the Order filed on June 23, 2004 as Docket No. 247 and the Judgment filed on October 26, 2004 as Docket No. 366 in *General Ins. Co. of America et al. v. Corporate Control Inc. et al.*, CV-02-1020-WBS; and

11. <u>Stuart Allen Associates</u>: Zero because this was a duplicate claim.

IT IS SO STIPULATED:

DATED: April 1, 2014        /S/ Suzanne A. Luban
                            SUZANNE A. LUBAN
                            Counsel for Steven. K. Zinnel

DATED: April 1, 2014        /S/ Kevin Khasigian
                            KEVIN KHASIGIAN
                            Assistant United States Attorney
                            Counsel for Plaintiff

DATED: April 1, 2014        /S/ Matthew D. Segal
                            MATTHEW D. SEGAL
                            Assistant United States Attorney
                            Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento)

UNITED STATES OF AMERICA,   )   CR. S-11-234-TLN
                            )
    Plaintiff,               )
                            )   ORDER ON RESTTUTION
    vs.                      )
                            )
STEVEN K. ZINNEL,            )
                            )
    Defendant.               )
_____)   Judge: Hon. Troy L. Nunley

For Good Cause Shown and pursuant to the stipulation of the parties,

IT IS HEREBY ORDERED that defendant Steven Zinnel shall pay restitution in the following amounts to the following persons.

1. <u>First Bank</u>: $156,663.27;

2. <u>Michelle Zinnel</u>: $305,058.28

3. <u>Zac Zinnel</u>:  $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court;

4. <u>Zayna Zinnel</u>: $150,000.00, which shall be held in trust for the benefit of the child according to terms to be jointly proposed by the parties and approved by the court;

5. <u>Fog Cutter Services</u>: $10,799.35;

6. <u>Wells Fargo Card Services</u>: $8,506.17;

7. <u>Travelers Casualty and Surety Co.</u>: $286,000, as set forth in the stipulation;

8. <u>Arrow Financial Services</u>: $141.50;

9. <u>MBNA America Bank</u>: $3,641.15;

10. <u>General Insurance Co. / First National Insurance Company of America / Safeco</u>: $1,442,509.28, to be distributed per the claims filed in bankruptcy court.

IT IS SO ORDERED.

Dated: April 2, 2014

_____
Troy L. Nunley
United States District Judge

- 2 -