1  BENJAMIN B. WAGNER
   United States Attorney
2  MATTHEW D. SEGAL
   AUDREY B. HEMESATH
3  KEVIN C. KHASIGIAN
   Assistant U.S. Attorneys
4  501 I Street, Suite 10-100
   Sacramento, California 95814
5  Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CR-00234-TLN |
| Plaintiff, | |
| v. | STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON |
| STEVEN ZINNEL, and DERIAN EIDSON, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the United States of America and petitioner CitiMortgage, Inc., to compromise and settle their interest in the following property[1], and to stipulate and consent to the entry of a Final Order of Forfeiture as to the following property pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(a):

    a.    Vacant land known as "The Luyung Property" located in Rancho Cordova, Sacramento County, CA, APN: 072-0450-015-0000, more fully described in Exhibit A attached hereto,

    b.    Real property located at 11966 Old Eureka Way, Gold River, CA, APN: 069-0620-054-0000, more fully described in Exhibit B attached hereto,

---

[1] CitiMortgage, Inc. only claims an interest in the real property at 11966 Old Eureka Way, Gold River, CA.

      c.      All right, title, and interest in Done Deal, Inc., a California Corporation, entity number C2659844,

      d.      A sub *res* in the amount of $2,800,000.00 in lieu of all right, title, and interest in System 3, Inc., a California Corporation, entity number C2360455, and

      e.      A personal forfeiture money judgment against defendant Steven Zinnel in the amount of $1,297,158.20.

This stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1. On July 16, 2013, the jury found defendant Steven Zinnel guilty of violations of 18 U.S.C. § 152(7) - bankruptcy fraud, pre-petition transfer or concealment; 18 U.S.C. § 152(1) - bankruptcy fraud, concealment of property; 18 U.S.C. § 1956(a)(1)(B)(i) – money laundering (9 counts); and 18 U.S.C. § 1957 – transactions in criminally derived property (3 counts). The jury found defendants Steven Zinnel and Derian Eidson jointly guilty of 18 U.S.C. § 1956(h) – conspiracy to commit money laundering, and defendant Eidson alone guilty of 18 U.S.C. § 1956(a)(1)(B)(i) – attempted money laundering. The Court entered an *Amended* Preliminary Order of Forfeiture as to Derian Eidson on September 10, 2013, forfeiting all of her right, title, and interest in Done Deal, Inc. and System 3, Inc. ECF No. 251. The Court entered a Preliminary Order of Forfeiture as to Steven Zinnel on September 20, 2013, forfeiting all of his interest in assets a-e listed above including all of his right, title, and interest in System 3, Inc. ECF No. 253. Pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), the United States sent direct notice to Michelle Zinnel; Done Deal, Inc.; System 3, Inc.; Auto & Boat Store c/o Chris Garrison; CitiMortgage; and Howard S. Nevins, attorney for the Bankruptcy Trustee.

2. Beginning on September 23, 2013, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal

2

interest in the forfeited property.  A Declaration of Publication was filed on October 24, 2013.  ECF No. 263.

3. On October 18, 2013, Derian Eidson filed a Petition of Third Party Claimant for Ancillary Hearing claiming a partial interest in the real property located at 11966 Old Eureka Way, Gold River, CA, APN: 069-0620-054-0000.  ECF No. 261.

4. On November 7, 2013, Thomas J. Wilbert filed a Verified Petition for Ancillary Hearing claiming a 100% interest of System 3, Inc. based on his $350,000 purchase of System 3, Inc. from Zinnel's bankruptcy estate in November 2011.   ECF No. 267.

5. On November 18, 2013, Thomas J. Wilbert filed a Verified Amended Petition for Ancillary Hearing claiming a 100% interest of System 3, Inc. based on his $350,000 purchase of System 3, Inc. from Zinnel's bankruptcy estate in November 2011.   ECF No. 273.

6. On November 19, 2013, CitiMortgage, Inc. filed a Petition for Ancillary Hearing claiming a lien holder interest in the real property located at 11966 Old Eureka Way, Gold River, CA, APN: 069-0620-054-0000.  ECF No. 274.

7. On November 21, 2013, Bankruptcy Trustee Susan K. Smith filed a Petition to Adjudicate Interest in Property claiming an interest in the vacant land known as "The Luyung Property" located in Rancho Cordova, Sacramento County, CA; the property located at 11966 Old Eureka Way, Gold River, CA; and defendant Zinnel's interest in Done Deal, Inc.  ECF No. 277.

8. No other party or entity has filed a petition asserting an interest in the properties listed above, and the time in which any person or entity may file a petition has expired.

9. On January 21, 2014, Bankruptcy Trustee Susan K. Smith filed a Withdrawal of Petition to Adjudicate Interest in Property.  ECF No. 294.

10. On March 3, 2014, the United States and Thomas J. Wilbert entered into a Stipulation and Order to settle his third party claim regarding his interest in System 3,

Inc. ECF No. 313. In the Stipulation, the United States agreed to convey its clear title in 46% of System 3, Inc. to Thomas J. Wilbert, subject to the payment of $2,800,000.00. The Order was filed by the Court on March 5, 2014. ECF No. 322. The United States has received the full payment of $2,800,000.00 from Thomas J. Wilbert and hereby conveys to Wilbert, and acknowledges his complete and superior interest in, the 46% interest in System 3, Inc., previously forfeited from the defendants.

11. On March 4, 2014, defendant Derian Eidson withdrew her Petition for an Ancillary Hearing regarding her purported claim to Old Eureka Way. ECF No. 319.

12. On May 23, 2014, a Stipulation and Order to Amend the Preliminary Order of Forfeiture to Include Certain Substitute Property of Defendant Zinnel was filed.[2] ECF No. 373.

13. The parties hereby stipulate that CitiMortgage, Inc. is a lien holder on the property located at 11966 Old Eureka Way, Gold River, CA (hereafter "Gold River property"). CitiMortgage, Inc. has a legal right, title, or interest in the Gold River property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture as to Steven Zinnel pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Zinnel at the time of the commission of the acts which give rise to the forfeiture of the Gold River property. *See* 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)). The parties further stipulate, however, that Steven Zinnel has an ownership interest in the Gold River property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

14. The parties agree that the sale of the Gold River property shall be handled by the Internal Revenue Service ("IRS") in a commercially reasonable manner. The IRS shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of

---

[2] Once publication and notice to third parties is complete, the United States will seek a Final Order of Forfeiture for the substitute assets, by separate application.

the Gold River property. Any and all personal possessions not removed within thirty days from the entry of this Final Order of Forfeiture will be disposed of by the United States without further notice.

15. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Gold River property pursuant to this Final Order of Forfeiture, the United States will not contest payment to CitiMortgage, Inc. from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the IRS in connection with its custody and sale of the property, the following:

   a. All unpaid principal due to petitioner CitiMortgage, Inc. under the Deed of Trust recorded in the Sacramento County, California, Official Records as instrument number 199510271210, dated October 20, 1995 and recorded on October 27, 1995. Said Deed of Trust secured a Promissory Note ("Note") in the principal amount of $294,550.00 dated October 20, 1995. As of May 31, 2014, the principal balance due and owing on the Note was $229,324.41. Accrued interest due on the Note through May 31, 2014 was $70,925.85. Interest will continue to accrue at the rate of 8.25% per annum or $51.83 per diem. The total amount necessary to pay the Note in full as of May 31, 2014 was $351,705.17.
   b. All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment.
   c. To CitiMortgage, Inc.: reasonable attorney's fees not to exceed $30,000.00 (which includes $27,828.23 in paid attorney's fees); all costs and expenses for servicing the subject loan and preservation of the property to the extent recoverable under the above Note, secured by

5

the Deed of Trust; and any property insurance and property taxes paid by CitiMortgage, Inc. shall be reimbursed, until the date of payment.

    d.    The exact amount to be paid to CitiMortgage, Inc. shall be determined at the time of payment, but shall not be less than the amounts set forth above.

    e.    To the United States, all net proceeds from the sale of the Gold River property after the above disbursements to be forfeited to the United States and disposed of as provided for by law.

16.    The payment to petitioner CitiMortgage, Inc. shall be in full settlement and satisfaction of all claims and petitions by CitiMortgage, Inc. to the Gold River property indicted by the Grand Jury for the Eastern District of California on or about December 7, 2011, and of all claims arising from and relating to the detention and forfeiture of the Gold River property. The payment to CitiMortgage, Inc. shall not include any penalty payments, including any prepayment penalties.

17.    Upon payment, CitiMortgage, Inc. agrees to assign and convey their respective security or other interests to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the Government's actions against and relating to the Gold River property. As against the United States and its agents, petitioner CitiMortgage, Inc. agrees to waive the provisions of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The release given under this paragraph shall apply only to conduct that has or may have occurred up to and including the date on which CitiMortgage, Inc. receives payment under

6

Stipulation for Final Order of Forfeiture and Order Thereon

the terms of this agreement.  The waiver by CitiMortgage, Inc. of Civil Code § 1542 pertains only to the release given by CitiMortgage, Inc. under this agreement as to the subject Gold River property.  CitiMortgage, Inc. expressly reserves all rights, and does not release any party, for any cross-complaint it might have in the event CitiMortgage, Inc. is sued by a third party for the actions of the United States or one of its agents, servants, employees or representatives.

18.    Petitioner CitiMortgage, Inc. agrees not to pursue against the United States any other rights that it may have under the Promissory Note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the Gold River property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Gold River property, and any right to assess additional interest or penalties except as specifically allowed herein.

19.    Petitioner CitiMortgage, Inc. understands and agrees that by entering into this stipulation of their interest in the Gold River property, they waive any right to litigate further their ownership interest in the Gold River property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, CitiMortgage, Inc. shall be excused and relieved from further participation in this action.

20.     Petitioner CitiMortgage, Inc. understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Promissory Note or lien, the U.S. Attorney obtains new information indicating that the petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Gold River property.  In either event, the United States shall promptly notify CitiMortgage, Inc. of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.  Additionally, CitiMortgage, Inc. reserves the right to petition the Court for a modification of this order in the event it determines that

1 the value of the subject Gold River property is at an amount which may not be sufficient to
2 satisfy its lien.

3     21.    The parties agree to execute further documents, to the extent reasonably
4 necessary, to convey clear title to the Gold River property to the United States and to
5 implement further the terms of this Stipulation.

6     22.    Each party agrees to bear its own costs and attorneys' fees, except as
7 otherwise set forth herein.

8     23.    Payment to the petitioner CitiMortgage, Inc. pursuant to this Stipulation is
9 contingent upon a forfeiture of the Gold River property to the United States, the United
10 States' prevailing against any additional third parties alleging claims in an ancillary
11 proceeding, and the Court's entry of this Final Order of Forfeiture.

12     24.    To the extent that the United States realizes any net proceeds from the
13 forfeiture of the property located at 11966 Old Eureka Way, Gold River, California, the
14 sum of the $1,297,158.20 money judgment shall be reduced accordingly.

15     25.    The terms of this Stipulation shall be subject to approval by the United
16 States District Court.  Violation of any term or condition herein shall be construed as a
17 violation of an order of the Court.

18     26.    The court shall maintain jurisdiction over this matter to enforce the terms of
19 this stipulation.

20

21 DATED:  6/4/14                               BENJAMIN B. WAGNER
                                              United States Attorney
22

23                                               /s/ Kevin C. Khasigian
24                                               KEVIN C. KHASIGIAN
                                              Assistant U.S. Attorney
25

26 DATED: 6/4/14                                /s/ Jillian A. Benbow
                                              JILLIAN A. BENBOW
27                                               Attorney for Petitioner CitiMortgage, Inc.
28                                               (Signature retained by attorney)

# ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated: June 5, 2014

_____
Troy L. Nunley
United States District Judge

## Exhibit A
Legal Description
Vacant land known as "The Luyung Property" located in Rancho Cordova, Sacramento County, California

Parcel 4, as shown on that certain "Parcel Map" recorded in Book 60 of Parcel Maps, at page 27, records of said county.

Assessor's Parcel Number: 072-0450-015-0000

Stipulation for Final Order of Forfeiture and Order Thereon

**Exhibit B**
Legal Description
Real property located at 11966 Old Eureka Way, Gold River, California

Lot 174, as shown on the "Plat of Gold River Unit No. 14", recorded in Book 200 of Maps, Map No.4, records of Sacramento County.

SUBJECT TO:   COVENANTS, CONDITIONS AND RESTRICTIONS AS SET FORTH IN MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS;

Recorded: 2/18/83
Book/Page: 820218.282

RELINQUISHMENT OF RIGHT TO AMEND COVENANTS, CONDITIONS AND RESTRICTIONS

Recorded: 3/6/84
Book/Page: 840306. 1215

DECLARATION OF ANNEXATION

Recorded: 2/13/90
Book/Page: 900213. 1283

SUPPLEMENT TO MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS

Recorded: 7/2/94
Book/Page: 940401. 1164

DECLARATION OF RESTRICTIONS

Recorded: 4/12/93
Book/Page: 930412.47

DECLARATION OF ANNEXATION

Recorded: 3/22/94
Book/Page: 940322. 1782

APN: 069-0620-054-0000

Stipulation for Final Order of Forfeiture and Order Thereon